IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARI ANNETTE JORDEN,

    Plaintiff,

  v.

COVIDIEN, LP. and MEDTRONIC, INC.,

    Defendants.

No. C 19-05709 WHA

**ORDER RE MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

In this products-liability action, defendants move to dismiss. Defendants' motion to dismiss all claims is **DENIED**. Defendants' motion to dismiss or strike plaintiff's demand for restitution or disgorgement is **GRANTED.**

## STATEMENT

In December 2014, plaintiff Shari Jorden underwent laparoscopic ventral hernia repair surgery during which Parietex Optimized Composite Mesh, manufactured by defendants Covidien LP and Medtronic Inc., was implanted. In June 2017 and May 2018, plaintiff reported to her physician that she had concerns the hernia was recurring and that she had a lump in her abdomen and could not push back on it. In September 2018, plaintiff underwent repair of her recurrent ventral hernia and partial removal of the mesh (Compl. ¶¶ 12–18).

The complaint alleges that, contrary to defendants' representations, the Parietex product has a high rate of failure, injury, and complications as evidenced by the numerous reports filed on an FDA database documenting serious adverse events associated with the product. The complaint further alleges that defendants misrepresented that the Parietex product was a safe

United States District Court
For the Northern District of California

and effective product for hernia surgery, and that they failed to warn the general public of the complications and known problems associated with the product (*Id*. at ¶¶ 23–27).

Plaintiff filed the instant complaint in September 2019 alleging the following two claims: (1) strict liability — failure to warn and (2) negligence. The case was related to the undersigned judge in October of 2019 (Dkt. Nos. 1, 13). Defendants then filed the instant motion to dismiss all claims as well as to dismiss or strike plaintiff's demand for restitution or disgorgement. Plaintiff opposes. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. *Ibid.* While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**1. STATUTE OF LIMITATIONS ANALYSIS.**

Defendants first argue that plaintiff's claims are time-barred. Under California law, products-liability claims are subject to a two-year statute of limitations. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Plaintiff's complaint alleges one product-liability claim: (1) strict liability — failure to warn. Additionally, in California, the statute of limitations for negligence resulting in personal injury is two years, directly mirroring the statute of limitations for products-liability claims. Cal. Civ. Proc. Code § 335.1. Accordingly, both of plaintiff's claims are subject to the two-year statute of limitations.

In California, the limitations period usually runs from accrual, meaning from the last of when the wrongdoing, harm, and causation essential to the cause of action occurred. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013).

On the face of the complaint, plaintiff's claims appear to arise from injuries that necessitated a September 2018 surgical repair. Defendants contend, however, that her claims accrued in June 2017 when she returned to her physician with concerns her hernia was recurring. This is incorrect; the wrongdoing (i.e. the mesh failure), as pleaded, occurred when defendants' Parietex product failed and resulted in the September 2018 surgery. On the previous dates, plaintiff only returned to the hospital because she believed her hernia was recurring, not because of any problems with the mesh. The September 2018 date thus presents the earliest point of accrual for the purposes of this order. Counting two years from that point, that statute of limitations will run in September 2020. Plaintiff filed the instant action in September 2019 and her claim is thus not procedurally barred. Defendants' motion to dismiss all claims on the grounds of untimeliness is **DENIED**.

### 2. STRICT LIABILITY — FAILURE TO WARN.

"Manufacturers are strictly liable for injuries caused by their failure to warn of known or reasonably scientifically knowable dangers at the time they manufactured and distributed their product." *Johnson v. American Standard, Inc*., 43 Cal.4th 56, 64 (2008). Accordingly, to maintain a strict liability claim, plaintiff must plead that "defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution."

Defendants argue plaintiff's allegations are insufficient in this regard because the complaint only makes the conclusory allegation that "the warnings and instructions Defendants provided were inadequate and defective," but does not specifically point to which warnings were inadequate and how they caused her injuries. This is not true. The complaint states, for example, that defendants failed to warn that "the Parietex Optimized Composite Mesh contracts over time, causing tension to increase where the tacks or sutures secure it," and that eventually, "the Parietex Optimized Composite Mesh will tear." The complaint further alleges causality — that plaintiff's mesh was torn, which led to her subsequent hernia repair surgery (Compl. ¶ 43). Accordingly, defendants' motion to dismiss the strict liability claim is **DENIED**.

### 3. NEGLIGENCE.

Plaintiff has alleged negligent failure to warn and negligence as to design and manufacturing defects. To allege negligence generally, plaintiff must plead that defendant "owed her a legal duty, breached the duty, and that the breach was a proximate or legal cause of her injury." *Gonzalez v. Autoliv ASP, Inc.*, 154 Cal. App. 4th 780, 793 (2007).

To state a claim for negligent failure to warn, a plaintiff must allege, "that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care." *Anderson v. Owens–Corning Fiberglas Corp.*, 53 Cal.3d 987, 1002 (1991). As explained above, the complaint sufficiently alleges the issues with the warning and further explains how it caused her injury as well as the fact that given defendants' associations with the product, they owned her a duty of care. Accordingly, the motion to dismiss plaintiff's negligent failure to warn claim is also **DENIED.**

A design defect exists "when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002) (citations omitted). Furthermore, a product suffers from a manufacturing defect if it "differs from the manufacturer's intended result." *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413, 429 (1978).

Defendants contend the complaint only makes conclusory allegations that "defendants knew . . . Parietex Optimized Composite Mesh was defectively and unreasonably designed and/or manufactured and was unreasonably dangerous and likely to injure patients in whom the product was implanted." Although such conclusory allegations were made, the complaint also makes allegations regarding the specific design and manufacturing defects at issue. For example, the complaint states, "Defendants knew or should have known that polyester is more likely to tear and cause a severe inflammatory response than polypropylene, despite the protective absorbable collagen barrier that has been applied to the Parietex Optimized Composite Mesh in order to prevent tissue attachment," and also states that the tear was what led to her subsequent surgery (Compl. ¶ 72). Accordingly, the motion to dismiss plaintiff's negligent design and manufacturing defects claim is also **DENIED.**

4

To the extent plaintiff is attempting to allege fraud as part of her negligence claim by stating that "defendants misrepresented material facts regarding the safety, efficacy, and fitness for human use of Parietex Optimized Composite Mesh," defendants' motion to dismiss is **GRANTED** because fraud requires a heightened pleading standard that the complaint has not met.

### 4. RESTITUTION AND DISGORGEMENT.

Restitution may be available where the defendant "obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004). Plaintiff demands restitution and disgorgement for profits in her prayer for relief. However, plaintiff only makes claims for failure to warn and negligence. There is no fraud, duress, conversion, or similar conduct alleged. The motion to dismiss or strike plaintiff's demand for restitution or disgorgement is thus **GRANTED.**

### 5. JUDICIAL NOTICE.

When reviewing a motion to dismiss for failure to state a claim, a court considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." FRE 201(b).

Defendants have submitted two documents for judicial notice: (1) a U.S. Food & Drug Administration website, which purportedly provide factual statements about the use of hernia mesh products and hernia surgeries and (2) the Parietex Optimized Composite Mesh Instructions for Use. The documents are not necessary for resolving the motion to dismiss, so the request is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: November 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5