UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARI ANNETTE JORDEN,

    Plaintiff,

v.

COVIDIEN, LP., et al.,

    Defendants.

No. C 19–05709 WHA

**ORDER TO SHOW CAUSE**

Our record reflects that plaintiff's counsel provided about 520 pages of medical records to Dr. Grischkan in order for him to evaluate Jorden's hernia repair surgery. Notably, the provided records excluded many records leading up to Jorden's surgery and all records for the time period between February 3, 2015, and June 21, 2017, a substantial chunk of time following Jorden's first hernia-repair surgery. This gap prompted a judicial request for plaintiff's counsel to "confirm all medical records provided under Rule 26 have been filed," especially considering that plaintiff offered Dr. Grischkan's opinion to support the allegation that Jorden suffered *chronic* pain after the implantation of defendants' PCOx mesh (Dkt. 90). This request aimed to understand if Jorden lacked medical records during the period between February 2015 and June 2017 or if plaintiff's counsel chose not disclose certain records to Dr. Grischkan. Despite the unambiguous request for records, plaintiff's counsel reached out to the Courtroom Deputy seeking "clarification" as to whether all records or only "relevant" medical records should be filed. This prompted the "clarification" that *all* records from Rule 26

disclosures must be filed, not just those deemed "relevant" by plaintiff's counsel. Plaintiff's counsel then filed the over 3,800 pages of medical records spanning February 2010 through March 2020, a much more comprehensive and representative version of Jorden's medical record than had been previously submitted or provided to Dr. Grischkan.

Upon reviewing the records, the undersigned judge was shocked to see that plaintiff's counsel withheld a substantial number of relevant records from Dr. Grischkan's review. Puzzlingly, though, Dr. Grischkan never requested further records despite his noting a gap in the medical records during the period relevant to evaluating Jorden's chronic pain after her first hernia repair surgery (Grischkan Dep. 108:20–24). The left-out records included information relevant to Dr. Grischkan's opinion about whether the PCOx mesh versus some other factor caused Jorden's pain and recurrence. Though Dr. Grischkan never explicitly ruled out the risk factors he did note in his report (alcohol dependence, gastric bypass, pancreatitis, and MRSA infection), the left-out information included other diagnoses and reports of abdominal pain:

> 10/3/12: diagnosis of "diverticulitis of colon" (JORDEN0000550)
>
> 5/17/13: begins a three-day hospitalization for pancreatitis (JORDEN0000700)
>
> 6/20/13: "intermittent [abdominal] pain and nausea . . . pain around the belly button. Wants to check pancreatic enzymes" and a report of "[bloody] stool" (JORDEN00000715, 725)
>
> 7/22/13: "hx of acute pancreatitis . . . presents with [nausea and vomiting] and abdominal pain for past 2 months" . . . after 5/15/13 discharge " has always been nauseous, and lost about 15 lbs over the past couple of month due to not eating well. . . after having one alcoholic drink on  Saturday, she felt both nauseous and had 5/10 abdominal pain . . . . episodic pain radiating to her back." Upon examination, "tenderness noted on deep palpation of abdomen." Doctor noted "[h]er nausea and increased abdominal pain is concerning for recurrent pancreatitis especially since it seems to have worsened after her Saturday drink" (JORDEN00000732–34)
>
> 10/21/15: "mild chronic inflammation and intestinal metaplasia [abnormal cell development in the gastrointestinal lining], tubular adenomas [non-cancerous tumors]" as well as a note of "focal chronic inflammation and reactive epithelial changes [indication of injury to gastrointestinal tissue]," though the record goes on to state "no significant pathologic abnormality" (JORDEN00001921).
>
> 5/20/16: a patient history listing "hypertensive episode" (JORDEN00001969)

    6/13/16: "hypertension" indicated as a primary diagnosis (JOREN00001986)

Jorden's records from the period between February 2015 and June 2017 lack reports of hernia-related abdominal pain, though other types of pain were reported.

    9/10/14: "called patient recent hospitalization for pancreatitis. Still has pain but she promises not to drink alcohol. She states she will follow up with [substance abuse program]. She is feeling better . . ." (JORDEN00000963)

    2/5/15: "Pt on Gabapentin for post op pain but has notices some Neuropathy like [symptoms] in her feet and leg that improved with Gabapentin. She wants to continue. Ok to continue as it might help with Neuropathy like [symptoms]. She also has some back issues . . . She also noticed some tingling numbness in her hands . . . ." (JORDEN00001826).

    9/16/15: "Urinary tract/flank pain" (JORDEN00001879).

    5/20/16: "back pain < 3 months" under "patient active problem list" (JORDEN00001968)

    6/13/16: "cramping and numbness in her feet" (JOREN00001986)

Jorden received two short-term, limited quantity prescriptions of painkillers in 2016: an eighteen-tablet prescription of Norco to be taken "when needed for pain" on February 26, 2018, and a seven-day course of Norco on March 4, 2016 (JORDEN00001959, 66). Though the records do not elaborate on the reason for the Norco alongside the prescription orders, they are followed by a May 16, 2016 record which lists "back pain < 3 months" under "patient active problem list" (JORDEN00001968). On June 21, 2017, Jorden's record states "no pelvic pain" (nor did the record for that visit note any other type of pain, for instance, under the review of Jorden's gastrointestinal system) (JORDEN00002032). Jorden's medical record from July 23, 2018 states "Chronic Pain Indicators: N/A" (JORDEN00000031).

  The absence of repeated complaints of abdominal complaints despite numerous doctors visits may very well have made Dr. Grischkan question his conclusion about chronic pain. So, despite multiple other instances in which Jorden aired pain-related complaints with her doctor, the gap record reflected no abdominal pain throughout the period that plaintiff chose to exclude

medical records (a large swath of records from the period following the implantation for PCOx mesh).

This order finds that plaintiff's counsel improperly decided for themselves which medical were "relevant." This led to cherry-picking of medical records related to plaintiff's hernia and pain seemingly connected to it and the exclusion of reports of abdominal pain related to other causes. This inappropriately supplanted Dr. Grischkan's medical expertise.

Perhaps Dr. Grischkan would have come to the same conclusion about Jorden's pain and recurrence even with this full picture of her history of abdominal pain and other comorbidities. But without the benefit of that information, Dr. Grischkan could not render a fully-informed opinion about the cause of Jorden's pain and hernia recurrence.

All sides are ordered to show cause why this case should not be dismissed for misconduct and/or why plaintiff and/or her counsel should not pay for a redo of the Grischkan report (with the benefit of the further records), including all defense counsel's expenses and fees associated with the redo.

Please file a response no later than **THURSDAY, AUGUST 12 AT NOON**.

**IT IS SO ORDERED.**

Dated: August 5, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE